**EASTEX, INCORPORATED, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 74–4156.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1977.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion April 7, 1977, 5 Cir., 1977, 550 F.2d 198)

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

PER CURIAM:

Petitioner-Cross Respondent, Eastex, Inc. (Eastex) states in its petition for rehearing

en banc that our decision enforcing the Board's determination that distribution by employees on company premises of a union sponsored circular on non-working time in non-working areas was protected by § 7 of the Act, 29 U.S.C.A. § 157 is contrary to Supreme Court decisions. Specifically, Eastex asserts that: (1) we "failed to adhere to the standard established by the Supreme Court in *Hudgens v. NLRB*, 1976, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196, that union activities must be accommodated to the employer's property rights in a way that involves minimal interference with those property rights"; (2) the reasonable relationship test that we employed in determining what could be the subject of handouts was erroneous in that it would allow disproportionate and excessive interference with the employer's property rights. We disagree for the following reasons.

In *Hudgens v. NLRB*, the Supreme Court rejected the notion that warehouse employees had a First Amendment right to picket their employer's retail store at a privately owned shopping center. The Court held that under the circumstances of the case, the rights and liabilities of the parties were exclusively dependent upon the National Labor Relations Act. 424 U.S. 521, 96 S.Ct. 1029. Further, the Court pointed out that under the Act, the Board's responsibility, subject to judicial review, was to resolve conflicts between § 7 rights and property rights, and to seek a proper accommodation between the two. *Id.* In attacking the panel decision, Eastex claims no balancing process was invoked in any of the administrative or judicial decisions in the case.

While we did not specifically cite *Hudgens*, we did recognize and necessarily applied the balancing test.

The synthesis involves, of course, arriving at an accommodation between two sets of rights broadly hostile to each oth-

er. One set comprises the rights of the proprietor-employer arising from his ownership and control of the plant premises. Among these is the right to prescribe what those whom he invites on his property shall and shall not do while there. The other set of rights are those granted employees by § 7 . . . . *Eastex, Inc. v. NLRB*, 5 Cir., 1977, 550 F.2d 198, 202.

We were conscious of *Hudgens* and utilized its accommodation principles and balancing test in determining who should prevail. As further evidence of our awareness of the opinion, we recognized that § 7 rights, whatever the scope, when exercised at the employer's gate collide with the employer's proprietary rights and as such come under especial pressure. *Id.* at 203.

The *Hudgens* decision recites that its intention was to clear the confusion wrought by *Lloyd Corp. v. Tanner*, 1972, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131, and its effect on *Amalgamated Food Employees Local 590 v. Logan Valley Plaza*, 1968, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603, as to the applicability of the First Amendment or labor law principles in cases of this kind. Although there was considerable disagreement as to whether *Lloyd Corp.* overruled *Logan Valley*,[1] the majority reasoned the First Amendment did not lend its protection to the circumstances and activity in issue.

In light of this reasoning, we think it better to delete any reference to the First Amendment contained in our prior opinion. Eastex's petition does *not* specifically complain of the references. However, it has alerted us to our sentences wherein we speak of the permissible scope of activity as sanctioned by the First Amendment. We therefore delete the italicized portion from the following sentence:

---

1. Writing for the Court, Justice Stewart stated: "the rationale of Logan Valley did not survive . . . the Lloyd case . . . the ultimate holding in Lloyd amounted to a total rejection of the holding in Logan Valley . . . ." 424 U.S. 518, 96 S.Ct. 1036. Although concurring in the decision, Chief Justice Burger and Jus-

tice Powell did not agree that *Lloyd Corp.* overruled *Logan Valley*. Justice White concurred in the result but stated *Lloyd Corp.* did not overrule *Logan Valley*, either expressly or implicitly. Justices Brennan and Marshall dissented.

The key to determining what § 7 permits employees to say inside the gates of the plant does not lie in restricting the scope of Congress' language employed in § 7 *or in requiring a tone more deferential and a subject matter more restricted than the First Amendment permits.* (Citations omitted). 550 F.2d 203.

We also delete the following italicized portion from the sentence in the second paragraph, page 203, of our prior opinion:

We hold that whatever is reasonably related to the employees' jobs or to their status or condition as employees in the plant may be the subject of such handouts as we treat of here, distributed on the plant premises in such a manner as not to interfere with the work, to the full range permitted by § 7's language, [and] valid local laws *and the First Amendment.* 550 F.2d 203.

The First Amendment problem is left for another day and time, if ever.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, F.R.A.P.; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is DENIED.